## Grider v. Chestnut et ux.

(Decided Nov. 30, 1934.)

WILLIAMS & DENNEY for appellant.

ROBERT B. BIRD for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On May 16, 1927, the appellee W. A. Chestnut borrowed of the appellant, John Grider, the sum of $800, to secure the repayment of which Chestnut and his wife, the coappellee Celia Chestnut, executed and delivered to Grider a mortgage on land W. A. Chestnut owned in Rockcastle county. This was not the first time, as we shall presently see, that Grider had accommodated Chestnut in the making of loans to him and in the taking of mortgages on the property Chestnut owned. The property which Chestnut owned was composed of three adjoining tracts which Chestnut had acquired at different times. The largest tract, known as the Griffin tract, contained 125 acres more or less, and as shown on the map in this record was practically square in shape. A county road known as the Brush Creek County road ran along its southern boundary. The Griffin tract was bounded on the east by the lands of Jasper Owens and on the north by the lands of Willis Johnson. Adjoining the Griffin tract on its western side was the second tract of land which Chestnut owned and which is known as the McHargue tract. It contained 13 acres more or less, and as shown on this map was rectangular in shape; the short sides being the northern and southern boundaries, and the long sides the east and west boundaries. The McHargue tract straddled the Brush Creek

County road, a considerable portion of the tract lying to the south of that road. The north line of this tract is considerably to the south of the north line of the Griffin tract. This McHargue tract is bounded on the west by the lands of Geo. Smith, and on the south by the lands of Bill McHargue. The third tract which Chestnut owned is known in this record as the Hickey tract, and contained 2¼ acres more or less. On it is located the house of Chestnut. The north line of this Hickey tract, which is practically square in shape, is the south line of the Brush Creek County road. The south line of the Hickey tract is an extension of the south line of the McHargue tract. The Hickey tract is bounded on the west by the McHargue tract; on the south by the lands of Lee Chestnut; and on the east by the lands of W. H. Reams. In the mortgage given in 1927, and to which we have referred, the property put in lien is described as follows, bounded:

"On the north by the lands of W. C. Johnson;.

"On the west by the lands of George Smith;

"On the south by the lands of Wm. McHargue, and

"On the east by the lands of Jasper Owens, and containing 135 acres, be the same more or less. The first parties derived title to the above described boundary of land, which is in two tracts—first tract from G. S. Griffin, Master Commissioner dated 24 day of December, 1909, and is recorded in the Rockcastle County Court Clerk's Office, in deed book 25, page 92. Second tract from William McHargue and wife, deed dated Sept. 1st, 1924, and is recorded in the Rockcastle County Court Clerk's Office, in deed book 40, page 242."

The question presented by this record is whether the Hickey tract is included within the mortgage or not.

Relying on the case of Loeb v. Conley, 160 Ky. 91, 169 S. W. 575, Ann. Cas. 1916 B, 49, appellant insists that the general description in the mortgage in question covers the three tracts which Chestnut owned, and that the specific reference to the source of title in the description in the mortgage must yield to the general description of the property mortgaged. Conceding arguendo the correctness of appellant's contention in this regard, we are yet confronted with the proposition that the general description does not cover the Hickey tract.

So far as the description of the north and west boundaries of the land covered by the mortgage is concerned, of course it covers all three tracts, but the description of the south and east boundaries of the land covered by the mortgage excludes the Hickey tract, for the general description says that the property which bounds the mortgaged land on the east is that of Jasper Owens, and on the south is that of William McHargue. The lands of Jasper Owens bound only the Griffin tract on the east. The Hickey tract on the east is bounded by the lands of W. H. Reams. The lands of William McHargue bound on the south only the McHargue tract. The Hickey tract is bounded on the south by the lands of Lee Chestnut. It is shown in this record that Grider and Chestnut have heretofore had other transactions between them in which several mortgages have been given, and later paid off; that in some of these mortgages the Hickey tract was pledged as part of the security and in some not; and that Grider undoubtedly knew that Chestnut owned three different tracts of land in the boundary which he was occupying. Chestnut testified that when he gave the mortgage which is here in question, Grider debated a while as to whether he would lend the money without the Hickey tract, and later decided that he would do so. Grider denies this. Independently, however, of this, it is quite apparent that in view of the unequivocal language used in the description of this mortgage that but two tracts were being mortgaged and giving the names of these tracts and the source of their title, and in view of the boundaries given in the general description, it did not include the Hickey tract. We conclude that the chancellor did not err in deciding that the Hickey tract had not been mortgaged to secure this debt.

Judgment affirmed.